IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY L. SCOTT,
    Petitioner,

vs.                                    Case No.: 5:14cv117/WS/EMT

N.C. ENGLISH, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241, and supporting memorandum (docs. 1, 2). Respondent filed a response to the petition (doc. 12). Petitioner filed a reply (doc. 14).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND

    Petitioner was charged with conspiracy, continuing from January 1, 2003, to the date of the indictment (July 6, 2004), to distribute and possess with intent to distribute "more than fifty (50) grams of a mixture and substance containing cocaine base, commonly known as 'crack cocaine,'" in violation of 21 U.S.C. § § 841(b)(1)(A)(iii) and 846 (Count One). *See* Scott v. United States, Case No. 4:04cr37/RH/WCS, Indictment (N.D. Fla. July 6, 2004). He was also charged with a substantive count of possession with intent to distribute "more than five (5) grams of a mixture and substance containing cocaine base, commonly known as 'crack cocaine,'" on or about June 4, 2004, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii) (Count Two). *Id.*

The Government filed an Information and Notice of Intent, advising that if Petitioner was convicted, it would seek enhanced penalties under 21 U.S.C. §§ 841 and 851.  Scott, Case No. 4:04cr37/RH/WCS, Information and Notice of Intent (N.D. Fla. Oct. 14, 2004).  That document also referred to the charge in Count One as involving "more than fifty (50) grams of cocaine base, commonly known as crack cocaine." *Id.*  The Notice of Intent advised that given Petitioner's prior convictions for felony drug offenses, including a 1996 conviction for possession of cocaine and possession of cocaine with intent to distribute in Broward County, Florida in Case No. 95-571, a 1998 conviction for possession of cocaine with intent to distribute in Broward County, Florida in Case No. 97-21871, and a 1999 adjudication withheld for possession of cocaine in Broward County, Florida, in Case No. 98-1562, Petitioner was subject to a mandatory term of life imprisonment, and the Government would seek the enhanced penalty.  *Id.*

Pursuant to a Plea and Cooperation Agreement, Petitioner pleaded guilty to Count One.  *See* Scott, Case No. 4:04cr37/RH/WCS, Plea and Cooperation Agreement (N.D. Fla. Oct. 28, 2004).  The Plea and Cooperation Agreement provided that Petitioner was pleading guilty because he was, in fact, guilty of the conspiracy charge, and that Petitioner acknowledged that if the case went to trial the Government could present evidence to support this charge beyond a reasonable doubt.  *Id.*  Petitioner admitted to being convicted of two or more prior drug felony charges as alleged in the Government's Information and Notice of Intent.  *Id.*  Petitioner agreed that he faced a mandatory minimum life term on the conspiracy count, and that the decision of whether to file a substantial assistance motion was left to the sole discretion of the United States Attorney.  *Id.*  A Statement of Facts was filed in support of the plea.  Scott, Case No. 4:04cr37/RH/WCS, Statement of Facts (N.D. Fla. Oct. 28, 2004).  Petitioner signed the Statement of Facts, agreeing that the Government could present evidence as set out therein.  *Id.*  The Statement of Facts provided that Petitioner was convicted of possession of cocaine and possession of cocaine with intent to distribute in 1996, and of possession of cocaine with intent to distribute in 1998.  *Id.*

At the rearraignment proceeding, Petitioner was advised of the rights he was giving up by pleading guilty, and he said he understood.  *See* Scott, Case No. 4:04cr37/RH/WCS, Transcript of Rearraignment Proceedings Held October 28, 2004 (N.D. Fla. Apr. 12, 2005).  He was advised of the charge against him in Count One and of what the Government would have to prove in support

of the charge. *Id.* Specifically, the court advised that "[a] conspiracy is an agreement or understanding between two or more people to do something the law forbids—in this case, an agreement or understanding to distribute or possess with intent to distribute crack cocaine." *Id.* The court advised that the Government would have to show that Petitioner "knew the purpose of the unlawful plan and joined in it on at least one occasion," and "that the conspiracy involved at least 50 grams of crack cocaine." *Id.* Petitioner said he understood. *Id.* Petitioner told the court he read the Statement of Facts line by line and word by word before he signed it. *Id.* He said there were parts that were not true, and those portions were discussed on the record. *Id.* The court summarized that, while Petitioner disagreed with a lot of the facts, during part of 2003 he was in the business of selling crack cocaine. *Id.* Petitioner agreed he sold crack though he sold mostly powder cocaine, and agreed it was probably a little over 50 grams of crack cocaine. *Id.* The court advised that the minimum mandatory sentence was life, with the possible exception of earning a reduction through a substantial assistance motion filed by the Government. *Id.* The court explained that the filing of a motion was entirely up to the Government, that if the Government decided any assistance he provided did not rise to the level of substantial assistance, "there won't be anything you can do about it. You'll be stuck with that decision," and sentenced to life. *Id.* Petitioner said he understood, and understood there would be no parole. *Id.* Petitioner told the court he read the Plea and Cooperation Agreement line by line and word by word before he signed it, and agreed to everything in it. *Id.* Petitioner said no one had promised him a substantial assistance motion. *Id.* Petitioner was given more time to talk to his lawyer, and he said all of his questions were answered. *Id.* Petitioner pleaded guilty, and said he did so because he was in fact guilty. *Id.* The court accepted Petitioner's plea. *Id.*

The Pre-Sentence Report ("PSR") held Petitioner accountable for 466 grams of cocaine base (*see* doc. 12 at 2; doc. 14 at 1). The PSR also enumerated Petitioner's prior felony drug convictions (*see* doc. 12 at 2). Petitioner's sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") was 168–210 months, but application of the enhancement for Petitioner's involvement with 50 grams or more of cocaine base and at least two prior felony drug convictions mandated a

life sentence (*see* doc. 12 at 2; doc. 14).[1] Petitioner objected to three items in the PSR: (1) the PSR described a controlled buy as involving cocaine base, but it actually involved powder cocaine; (2) the PSR stated that one of the persons who purchased cocaine from Petitioner lived with him for six months, but he actually lived with Petitioner only briefly; and (3) one of the prior convictions included in the calculation of his criminal history points was seventeen years old. *See* Scott, Case No. 4:04cr37/RH/WCS, Defendant's Objections to Presentence Investigation Report (N.D. Fla. Jan. 19, 2005).

Petitioner was sentenced on February 3, 2005. *See* Scott, Case No. 4:04cr37/RH/WCS, Transcript of Sentencing Proceedings Held February 3, 2005 (N.D. Fla. Apr. 12, 2005). Defense counsel advised the court that Petitioner had just told him that him he (Petitioner) did not understand what he was entering a plea to, and thought at sentencing they would challenge the amount of drugs involved. *Id.* Petitioner told the court he understood when the court told him about the life sentence, but felt the Government thought he was lying even though he was not lying, so he was unsatisfied with the Government's decision not to file a substantial assistance motion. *Id.* Petitioner said that he was not saying he was not guilty of conspiracy or that the amount of crack cocaine was not 50 grams or more, but was disagreeing with particulars in the PSR and the Government's belief that he was not telling the truth. *Id.* This objection, the court noted, "gets to the separate question about the substantial assistance motion." *Id.* Counsel for the Government explained they had not progressed to where a decision could be made on substantial assistance because only two proffers had been taken. *Id.* As to whether there would be a substantial assistance motion (or even further dealings) with Petitioner in the future, "absent something that satisfies me that Mr. Scott is telling the truth, that probably is not going to happen." *Id.* The information from Petitioner was in direct contradiction with information provided by another individual (identified herein by initials only, "D.M."), and the Government believed D.M. was telling the truth. *Id.* The court explained that Petitioner could not be allowed to withdraw his plea just because the Government did not file a

---

[1] Under the version of § 841(b)(1)(A)(iii) in effect at the time of Petitioner's offense conduct, plea, and sentencing, his involvement with 50 grams or more of cocaine base subjected him to a sentence of not less than 10 years or more than life. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2002). Section 841(b)(1)(A) further provided that any person who violated that section after two or more prior convictions for a felony drug offense was subject to a mandatory term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (2002). In 2010, § 841(b)(1)(A)(iii) was amended to increase the drug amount from 50 grams to 280 grams. *See* Pub. L. 111-200, § 2(a), Aug. 3, 2010, 124 Stat. 2372.

substantial assistance motion. *Id.* As part of Petitioner's argument that he was telling the Government the truth, he reasoned:

> I didn't say, okay, I only did ten grams of crack and 20 grams of crack. I told the truth. I said 60. I could've tried to get under 50 grams or more of crack. I'm not trying to get up under 50 grams or more, because I'm telling y'all the truth.
>
> If I was lying, I say, no, I only dealt 30 grams of crack. I could've told you that, just say, okay, I did 30 grams of crack. I didn't tell you that. I didn't lie to you. I told you the truth, that I did 60 grams of crack.

*Id.* The court responded that if Petitioner had said 30 grams there would have been a jury trial, so the jury could decide it beyond a reasonable doubt. *Id.* Petitioner answered, "Right. We didn't have to go through that because I want to tell y'all the truth." *Id.* A motion to withdraw the plea, which was also treated as a request to compel the filing of a substantial assistance motion, was denied. *Id.* Petitioner was sentenced to a term of life. *See* Scott, Case No. 4:04cr37/RH/WCS, Judgment (N.D. Fla. Feb. 7, 2005). The judgment was affirmed on direct appeal, over Petitioner's arguments that the court erred in denying the motion to withdraw his plea and that the Government acted in bad faith in failing to file a substantial assistance motion. *See* United States v. Scott, 184 F. App'x 916 (11th Cir. 2006).

Petitioner filed a § 2255 motion raising four claims of ineffective assistance of trial counsel. *See* Scott, Case No. 4:04cr37/RH/WCS, Motion to Vacate under 28 U.S.C. § 2255 (N.D. Fla. Jan. 7, 2008). In ground one, he claimed that counsel failed to advise "of the correct application of the law relevant to a guilty plea for a drug conspiracy offense pursuant to Title 21 U.S.C. § § 841 and 846, and the law relevant to United States v. Booker and Cunningham v. California."[2] *Id.* He also claimed counsel never informed him of the elements of the offense or the difference between a conspiracy and a buyer-seller relationship. *Id.* In ground two, Petitioner claimed that counsel was ineffective for allowing him to be sentenced in violation of Booker, because he pleaded guilty to 50 grams or more of cocaine base, not crack cocaine. *Id.* In ground three, Petitioner claimed counsel

---

[2] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), Cunningham v. California, 549 U.S. 270, 274–75, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Under these cases, the constitutional right to a jury trial is violated by a sentencing scheme "that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham, 549 U.S. at 274–75 (emphasis added) (citing Booker and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)) (other citations omitted).

was ineffective for failing to challenge the search of his residence and seizure of items discovered during the search. *Id.* In ground four, he claimed counsel was ineffective for causing him to enter a guilty plea when he was actually innocent of conspiracy. *Id.* The district court denied the § 2255 motion. *See Id.*, Order Denying 2255 Motion (N.D. Fla. May 19, 2009). The Eleventh Circuit denied Petitioner's application for a certificate of appealability. *See Id.*, Mandate of USCA (N.D. Fla. Nov. 19, 2009).

Petitioner filed the instant § 2241 petition on May 7, 2014 (doc. 1). He was housed at the Federal Correctional Institution in Marianna, Florida, when he filed his petition (*id.* at 1), and he is still housed there. Petitioner raises the following claims

> Ground one: Unconstitutional enhancement/Actual innocence. Actual innocence pursuant to the Alleyne decision and the overruling [sic] of Harris in conjunction with 28 U.S.C. § 2255(e), (f)(4) savings clause as recently recorded in Bryant v. Warden.
>
> Ground two: Actual innocence of 851 enhancement. Presentence Report part A(1) the probation office was only able to document 1 conviction on May 2, 1996, for possession of cocaine, additionally June 23, 1998, for the for [sic] possession of cocaine. No Shepard approved documents were produced, thus clearly a Alleyene violation and Shepard violation as well.
>
> Ground three: Actual innocence/incorrect calculation of the amounts of drugs (cocaine base). Petitioner plead [sic] guilty to 60 grams and the prosecutor was satisfied. The Court pursuant to Harris relied upon the preponderance of the evidence of the Presentence Report which is illegal/unconstitutional. The Eleventh Circuit has recently ruled in Bryant v. Warden that the Petitioner is eligible for 28 USC § 2241 review for the illegal enhancements which extended his sentence past the 10 yr. statutory maximum with the use of the illegal enhancements. Pursuant to Harris the Court found 466 grams of cocaine base instead of the 60 grams the Petitioner plead [sic] guilty to.
>
> Ground four: Descamps violation. Two recent Eleventh Court of Appeals [sic] rulings have ruled Petitioner's prior Florida state drug conviction did not necessarily violate 21 USC § 841(a)(1) was not a drug trafficking crime and the statute is not divisible within the meaning of the Supreme Court ruling of Descamps.

(doc. 1 at 3–5; *see also* doc. 2).

II. ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[3] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under

---

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 5:14cv117/WS/EMT

28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause. To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Petitioner's claim of illegal detention above the statutory maximum penalty. Bryant, 738 F.3d at 1274.

Petitioner argues the sentencing court held him accountable for 466 grams of cocaine base, which increased his base offense level to 34, pursuant to U.S.S.G. § 2D1.1 (*see* docs. 2, 14). He contends he pleaded guilty to a crime involving only 60 grams of cocaine base, therefore, he could only be held accountable for that amount, which corresponded to a base offense level of only 32

(*id.*).  Petitioner contends the reduction in his base offense level would have resulted in a sentencing range of 140–175 months, instead of 168–210 (*id.*).  Petitioner additionally contends the sentencing court enhanced his sentence based upon prior felony drug convictions without sufficient documentation verifying that his prior convictions qualified under the enhancement (*id.*).  Petitioner relies upon the Supreme Court's decisions in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), and Descamps v. United States, — U.S. —, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013), to satisfy the second and third Bryant factors.[4]

The Eleventh Circuit recently held that the Supreme Court's decision in Alleyne does not apply retroactively on collateral review.  *See* Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285–86 (11th Cir. 2014).  Additionally, Petitioner's reliance upon Shepard and Descamps is unavailing, because those decisions involved application of the ACCA (which applies only to persons convicted of violating 18 U.S.C. § 922(g),  *see* 18 U.S.C. § 924(e)), and Petitioner's sentence was not enhanced pursuant to the ACCA.

Additionally, Petitioner cannot satisfy the fourth Bryant factor, because his sentence does not exceed the statutory maximum authorized by Congress at the time of his offense conduct, plea, and sentencing.  As previously discussed, under the version of § 841 in effect at that time, the statute provided that any person who knowingly or intentionally distributed, or possessed with intent to distribute, 50 grams or more of a mixture containing cocaine base, shall be sentenced to a term of

---

[4] In Alleyne, the Supreme Court overturned Harris v. United States, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), and held that any factor that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury.  133 S. Ct. at 2155.  Alleyne, however, did not address prior-conviction sentencing enhancements.  *See generally id.* at 2151.  Instead, the Supreme Court explicitly stated that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction."  *Id.* at 2160 n.1

In Shepard, the Supreme Court held that enquiry under the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. § 924(e), to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense, is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.  544 U.S. at 26.

In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction has a "single, indivisible set of elements."  133 S. Ct. at 2281–82.

imprisonment which may not be less than 10 years or more than life. 21 U.S.C. § 841(b)(1)(A)(iii). The statute further provided that if that person committed the violation after two or more prior convictions for a felony drug offense had become final, the person shall be sentenced to a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Here, Petitioner admitted he knowingly distributed, or possessed with intent to distribute, 50 grams or more of cocaine base. Therefore, the statutory maximum was life imprisonment, even without the enhancement for his prior felony drug convictions. Furthermore, Petitioner did not dispute the validity of the prior felony drug convictions identified in the Information and Notice of Intent and the PSR, which included a 1996 conviction for possession of cocaine and possession of cocaine with intent to distribute in Broward County, Florida in Case No. 95-571, a 1998 conviction for possession of cocaine with intent to distribute in Broward County Florida in Case No. 97-21871, and a 1999 adjudication withheld for possession of cocaine in Broward County, Florida, Case No. 98-1562[5]; rather, he only disputed a seventeen-year-old conviction which was included in the calculation of his criminal history points.

III.    CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution of an initially valid confinement. Furthermore, he has not shown he is entitled to review via the savings clause portal of § 2255(e). Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2.    That the clerk be directed to enter judgment accordingly and close the file.

---

[5] For federal sentencing purposes, a "prior plea of nolo contendere with adjudication withheld in Florida state court is a 'conviction' that supports an enhanced sentence under section 841(b)(1)(B)." United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995).

Case No: 5:14cv117/WS/EMT

At Pensacola, Florida this 19th day of November 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

At Pensacola, Florida this 19th day of November 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**